# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **The Marriage of:**

**Warren H.,**
**Respondent Below, Petitioner**

**vs) No. 18-0750** (Fayette County 17-D-210)

**Kimberly S.,**
**Petitioner Below, Respondent**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Warren H.,[1] pro se, appeals the July 17, 2018, order of the Circuit Court of Fayette County affirming the June 19, 2018, final order of divorce entered by the Family Court of Fayette County. Respondent Kimberly S., by counsel Sandra Henson Kinney, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married in Oregon on December 6, 2014. The parties lived together as husband and wife in Fayette County, West Virginia, until November 24, 2016, at which time they separated and ceased all cohabitation. On June 2, 2017, Respondent initiated divorce proceedings against petitioner in the Family Court of Fayette County. Thereafter, petitioner admitted that irreconcilable differences existed between them.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

The parties have a four-year-old child together and submitted a joint parenting plan pursuant to West Virginia Code § 48-9-205. The joint parenting plan was comprehensive in that it provided for (1) alternating seven-day periods of custodial responsibility with the child on a week on/week off basis; (2) a separate schedule for holidays and vacation time that takes precedence over the regularly scheduled parenting time; (3) allocation of decision-making authority regarding major decisions such as the child's education; and (4) parenting time for a party (through midweek visitation or air travel at the other's expense) when the other party has the child for an extended period such as summer vacation or respondent's annual trip to Mexico.[2] At an April 25, 2018, final hearing, each party appeared with counsel and testified that "the parenting plan was entered into knowingly and voluntarily" and that "the parenting plan promotes the best interest of the parties' children [sic]." Accordingly, the family court adopted the joint parenting plan in its June 19, 2018, final order of divorce.

On July 16, 2018, petitioner filed an appeal from the June 19, 2018, final order of divorce in the Circuit Court of Fayette County, arguing that various aspects of the joint parenting plan were unfair to him and that he did not have adequate legal representation before the family court. In an order entered July 17, 2018, the circuit court determined that neither issue necessitated a hearing. The circuit court found that the parties reached an agreement and that the family court did not abuse its discretion in adopting that agreement. The circuit court further found that, if petitioner believed that he was not adequately represented before the family court, the proper course is to take that matter up with his former attorney. Accordingly, the circuit court affirmed the family court's June 19, 2018, final order of divorce. Petitioner now appeals the circuit court's July 17, 2018, order.

In the Syllabus of *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004), we held that

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

"Although parents have substantial rights that must be protected, the primary goal in cases involving . . . family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996); *see also Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 405, 387 S.E.2d 866, 872 (1989) (finding that "the best interests of the child is the polar star by which decisions must be made which affect children").

---

[2]The joint parenting plan provides that respondent is allowed to take the child to Mexico for a period of eight weeks each year.

On appeal, petitioner raises numerous issues that are all addressed by the joint parenting plan.[3] The family court found that each party testified that he or she knowingly and voluntarily agreed to the parenting plan and that it was in the child's best interests. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Based upon our review of the record, we concur with the circuit court's findings that the parties reached an agreement and that the family court did not abuse its discretion in adopting that agreement.[4] Accordingly, we conclude that the circuit court correctly affirmed the family court's June 19, 2018, final order of divorce, including the adoption of the joint parenting plan.

For the foregoing reasons, we affirm the circuit court's July 17, 2018, order upholding the family court's June 19, 2018, final order of divorce.

Affirmed.

**ISSUED:** December 20, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3]Respondent counters that all of petitioner's issues are without merit.

[4]We further concur with the circuit court's finding that, if petitioner believes that he was not adequately represented before the family court, the proper course is to take that matter up with his former attorney.